UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AARON OLIVIERI,

                          Petitioner,
   v.                                                    9:24-CV-1083
                                                             (MAD)
SUPERINTENDENT,

                          Respondent.
_____

APPEARANCES:                                        OF COUNSEL:

AARON OLIVIERI
Petitioner, pro se
24-B-0813
Marcy Correctional Facility
P.O. Box 3600
Marcy, New York 13403

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

### I. INTRODUCTION

Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[1]

On September 9, 2024, the action was administratively closed for petitioner's failure to properly commence it. Dkt. No. 2, Closure Order ("September Order"), at 1. Petitioner was given thirty days' leave to properly commence the action by either paying the statutory filing fee or filing a properly certified in forma pauperis ("IFP") application. *Id.* at 2.[2]

---

[1] Citations to petitioner's submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.
[2] The proper filing fee for a habeas corpus petition is $5.00. 28 U.S.C. § 1914(a).

Petitioner timely complied with the September Order and submitted a properly certified IFP application.  Dkt. No. 3, IFP Application; Dkt. No. 5, Text Order (granting IFP application).  The case was reopened.  Dkt. No. 4, Text Order (restoring action to the Court's active docket).

## II.    THE PETITION

The present petition is, at best, difficult to decipher.  Petitioner indicates that

> [o]n February 20th, 2022, [petitioner] was a guest living in a public housing complex, a hotel in Jefferson County . . . At the time of the alleged incident he had been recently released from Samaritan Mental Health Center but, without his required psych-meds.  The disorderly persons incident was a result of [petitioner's] mental illness or lack of administered medication.  Upon disclosing his mental condition to the policemen, [petitioner] was prejudiced by the Jefferson County police officers and then arrested, violating his due process rights.

Pet. at 5.  Consistent with petitioner's statement above, the New York State Department of Corrections and Community Supervision's ("NYSDOCCS") directory of incarcerated persons indicates that petitioner was initially committed to custody in Jefferson County; convicted of second degree assault, second degree attempted assault, and second degree burglary; and received in NYSDOCCS custody on February 22, 2024.  *See* NYSDOCCS Inmate Lookup, https://nysdoccslookup.doccs.ny.gov/ (searching "Olivieri, Aaron") (last accessed October 10, 2024).

However, many of the details surrounding petitioner's underlying state court conviction and sentence are still unknown to the Court.  Further, there is no information in the present pleading about any direct or collateral actions that have been commenced challenging petitioner's state criminal convictions or their outcomes.

2

Liberally construing the pleading, petitioner claims that he is entitled to federal habeas relief because (1) his Sixth Amendment rights were violated when his trial counsel was constitutionally ineffective because (a) she coerced petitioner into waiving his speedy trial rights and encouraged him to plead guilty; (b) she failed to address petitioner's mental health condition throughout the course of his state court criminal proceedings; (c) she was incompetent and failed to provide petitioner with an adequate defense; and (2) his Eighth Amendment rights were violated by a cruel and unusual sentence.  Pet. at 3-5, 10.  Petitioner requests a "grant [of] dismissal or at the bare minimum time served."  *Id.* at 10.

Petitioner indicated that, approximately one year ago, he attempted to raise his constitutional concerns with a "circuit court"; however, he misaddressed the correspondence and it was never properly forwarded.  Pet. at 11.  Consequently, in addressing the timeliness of his action, petitioner stated that "the undue unwarranted extenuating [Statute of Limitations] circumstances will not preclude said writ of habeas corpus to be rightfully heard."  *Id.*

### III. DISCUSSION

#### A. Signature

Federal law provides that a habeas corpus petition "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242.  Here, petitioner failed to sign the Petition, Pet. at 12; accordingly, the pleading does not presently comply with federal rules.  Therefore, petitioner is directed to ensure that he signs any amended pleading which he submits resulting from this Decision and Order.

#### B. Rule 2

3

Petitioner's papers do not comply with the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").  Habeas Rules 2(c)(1) and (2) require that a petition specify all grounds for relief available to the petitioner and the facts supporting each ground.  Although petitioner articulated three purported constitutional violations, he has only provided specific facts supporting the ineffective assistance of counsel claim.  The other two -- claims of due process violations and a cruel and unusual sentence -- are stated in minimal and conclusory terms.

The Court will not speculate on the grounds, and supporting facts, being advanced by petitioner.  Each ground he wants to raise in this proceeding, and the facts supporting each ground, must be set forth in the petition itself.

Thus, petitioner is given leave to file an amended petition within thirty (30) days of the filing date of this Decision and Order to clarify the factual basis underlying his criminal conviction and present claim.

**C.     Exhaustion**

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).  To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively.  Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary

review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).  In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, petitioner had failed to provide any details about the procedural history behind his state court criminal conviction or any direct appeal or collateral proceeding subsequently challenging it.  Accordingly, the undersigned cannot determine (1) whether petitioner has properly exhausted his state court remedies; (2) if any remedies have been properly commenced and are in the process of being exhausted; or (3) whether petitioner has attempted to exhaust his state court claims and such remedies were unavailable to him.  Therefore, petitioner is also given an opportunity to clarify (1) how his claims have been exhausted via state court remedies; (2) how his claims are currently being exhausted; or (3) the specific reasons why the state corrective process is unavailable to him or the circumstances which exist that fail to protect his rights in the direct appeal or collateral state court challenge process.

## IV.    CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner may file an amended petition **within thirty (30) days** of the filing date of this Decision and Order.  The Clerk is directed to provide petitioner with a blank § 2254 habeas petition for this purpose.  **Petitioner shall complete every part of the blank petition.  Petitioner shall state the date of his allegedly unlawful conviction and sentence.  Petitioner must also state the date(s) upon which he filed any state court proceedings in which he challenged his state court conviction and resulting custody**

**and clearly set forth the grounds raised in each application and the date(s) upon which the court(s) decided each application.  Petitioner must specify all the grounds upon which his federal petition is based, including how petitioner has attempted to exhaust his claims, and the facts supporting each ground** in the amended petition.

Petitioner **shall not** incorporate any portion of his original papers into his amended petition by reference.  He must include all relevant information in the amended petition and shall submit only one amended petition in accordance with the terms of this Decision and Order.  Petitioner must also sign and date the petition; and it is further

**ORDERED** that if petitioner does not file an amended petition within thirty (30) days of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without further order of the Court, Habeas Rule 4; and it is further

**ORDERED** that upon the filing of any amended petition, the Clerk shall forward the file in this matter to the Court for further review.  No answer to the petition will be required from the respondent until petitioner has submitted the amended petition and the Court has had the opportunity to review his arguments; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Court's Local Rules of Practice.

**IT IS SO ORDERED.**

Dated: October 21, 2024
       Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge